UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                    Case No. 8:05-cr-341-T-24-EAJ

JAMES LAWRENCE LIGHT

_____/

## ORDER

This cause comes before the Court on Defendant's Motion for Federal Civil Rule 60(d)(1) Relief from Judgment.  (Dkt. 102)

## I.      BACKGROUND

On August 11, 2005, Defendant was charged with possessing with intent to distribute crack cocaine.  (Dkt. 1)  A superseding indictment was returned on February 9, 2006, charging Defendant with distributing five grams or more of crack cocaine.  (Dkt. 28)  On February 14, 2006, the jury found Defendant guilty.  (Dkt. 45)  On May 16, 2006, the Court found that Defendant was a career offender (total offense level 34, criminal history category VI, guideline imprisonment range of 262 to 327 months) as defined in U.S.S.G. § 4B1.1, and sentenced Defendant to 262 months of imprisonment.  (Dkt. 53).  Defendant appealed, and his conviction and sentence were affirmed on February 28, 2007.  (Dkt. 72)

The United States Sentencing Commission then promulgated Amendment 750, which lowered the base offense level for crack cocaine offenses for eligible defendants, and was made retroactive to eligible defendants sentenced before November 1, 2010.  Defendant filed five motions to reduce his sentence, each seeking relief under Amendment 750.  (Dkts. 75, 81, 84, 86, 88).  The Court denied each motion, finding Defendant was not eligible for a sentence reduction because he had been sentenced as a career offender under U.S.S.G. § 4B1.1.  (Dkts. 83, 85, 87, 89)

Defendant also filed two motions to vacate his judgment of conviction pursuant to the writ of *error coram nobis*, contending that his due process rights were violated when he was arrested without a valid arrest warrant.  (Dkts. 91, 96)  The Court denied both motions.  (Dkts 92, 97)

On March 21, 2013, Defendant filed a Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. § 2255, arguing that he was denied effective assistance of counsel at his sentencing.  (Dkt. 95)  Because this motion was filed more than six years after Defendant's judgment became final, the Court dismissed it as untimely.  (Dkt. 100)

On August 28, 2014, Defendant filed the instant Rule 60(d)(1) motion, which he contends is an "independent action" for relief from the May 16, 2006 judgment, challenging his career offender status.  (Dkt. 102)  Defendant appears to argue that the Court's reliance on a juvenile conviction was improper, because the destruction of juvenile records under Florida Statutes § 958.13 deprived him of "vital discovery," and because the juvenile conviction was not for a crime of violence.

## II.     DISCUSSION

Federal Rule of Civil Procedure 60(d)(1) allows a court to "entertain an independent action to relieve a party from a judgment, order, or proceeding," notwithstanding Rule 60's other provisions.  When a defendant brings a Rule 60 motion, "the district court may appropriately construe it as a § 2255 motion, and, if applicable, treat it as an unauthorized second or successive motion."  *Galatolo v. United States*, 394 Fed. Appx. 670, 671 (11th Cir. 2010) (citing *Williams v. Chatman,* 510 F.3d 1290, 1293-95 (11th Cir.2007)); *see also Galatolo v. United States,* 196 F. App'x 854, 857 (11th Cir.2006) ("[T]he general rule is well-established that a collateral attack upon a federal conviction and sentence must be brought pursuant to § 2255.").

Where, in a Rule 60 motion, a defendant challenges the validity of his conviction or sentence by "seek[ing] to add a new ground for relief" or "attack[ing] the federal court's previous resolution of a claim on the merits," the motion is properly construed as a § 2255 motion. *Williams,* 510 F.3d at 1293-94 (quoting *Gonzalez v. Crosby,* 545 U.S. 524, 532, 125 S.Ct. 2641, 2648, 162 L.Ed.2d 480 (2005)); *see also Gilbert v. United States*, 640 F.3d 1293, 1323 (11th Cir. 2011); *see also United States v. Winston*, 346 Fed. Appx. 520, 522 (11th Cir. 2009). If construed as a second or successive § 2255 motion, absent an order from the Eleventh Circuit authorizing the successive motion, the district court lacks subject matter jurisdiction. *See Williams,* 510 F.3d at 1295.

Here, Defendant's Rule 60(d)(1) motion seeks to assert a new claim for relief—that a prior juvenile conviction should not be relied upon to support his sentence—and therefore, under *Gonzalez*, is properly construed as a second or successive § 2255 motion. Because Defendant did not obtain an order authorizing such a petition, it must be dismissed for lack of subject matter jurisdiction. *See, e.g., United States v. Cone*, 525 Fed. Appx. 823, 825 (10th Cir. 2013) (affirming the district court's treatment of Rule 60(d) motion as a second or successive § 2255 motion and dismissal for lack of jurisdiction where the defendant failed to obtain prior authorization from court of appeals); *Maye v. United States,* 2010 WL 4279405, at **1–2 (M.D. Fla. Oct. 25, 2010) (dismissing for lack of jurisdiction upon finding that the "complaint/motion pursuant to Rule 60(d)(1) [was] effectively a second or successive claim for relief under Section 2255 for which Petitioner must apply to the Eleventh Circuit for permission to raise in this Court").

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion for Federal Civil Rule 60(d)(1) Relief from Judgment (Dkt. 102) is **DISMISSED** for lack of jurisdiction.

**DONE AND ORDERED** at Tampa, Florida, this 9th day of September, 2014.

3

SUSAN C. BUCKLEW
United States District Judge

Copies To:
Counsel of Record
*Pro Se* Defendant